OPINION
{¶ 1} Brenda Johnson pleaded guilty to cocaine possession, a fifth degree felony. After receiving a pre-sentence report, the trial court imposed a nine month sentence, to be served concurrently with a sentence Johnson was serving in another county. On appeal, Johnson advances three assignments of error.
 {¶ 2} "1. Appellant's plea was not intelligently, voluntarily, and knowingly entered."
 {¶ 3} The argument in support of this assignment is principally based on the transcript of the sentencing hearing and not that of the proceeding six weeks earlier wherein Johnson entered her plea.
 {¶ 4} When Johnson entered her plea, the following took place in open court in Johnson's presence.
 {¶ 5} "MR. LASKY (Prosecutor): Your Honor, as I understand it, the Defendant would be entering — a plea of Guilty as charged to Case 2003-CR-4070. It's further my understanding that the Defendant is in a drug program in Warren County in exchange for the plea.
 {¶ 6} "The State of Ohio would support her continuing with that program and, obviously, if it did not work out then, uh . . . she would be subject to, uh . . . all the penalties, uh . . . of pleading in this case.
 {¶ 7} "JUDGE HALL: Miss Johnson, how old are you?
 {¶ 8} "THE DEFENDANT: I'm thirty-two, Your Honor.
 {¶ 9} "JUDGE HALL: How far did you go in school?
 {¶ 10} "THE DEFENDANT: I got my G.E.D., sir.
 {¶ 11} "JUDGE HALL: So you're able to read these forms then and understand them; is that right?
 {¶ 12} "THE DEFENDANT: Yes, Your Honor.
 {¶ 13} "JUDGE HALL: Are you under the influence today of any drug, alcohol, or medication?
 {¶ 14} "THE DEFENDANT: No, sir, I'm not.
 {¶ 15} "JUDGE HALL: Any physical or mental problems that would prevent you from understanding what's happening here?
 {¶ 16} "THE DEFENDANT: No, sir.
 {¶ 17} "JUDGE HALL: You intend to enter your plea voluntarily?
 {¶ 18} "THE DEFENDANT: Yes, Your Honor.
 {¶ 19} "JUDGE HALL: I understand that you have some difficulties in Warren County. By entering a plea in this case, that may or may not affect what they do.
 {¶ 20} "Do you understand that?
 {¶ 21} "THE DEFENDANT: Yes, Your Honor.
 {¶ 22} "JUDGE HALL: That's up to them. I don't have any control over that.
 {¶ 23} "Do you understand that?
 {¶ 24} "THE DEFENDANT: Yes, Your Honor.
 {¶ 25} "JUDGE HALL: Would the Prosecutor indicate the nature of this charge?
 {¶ 26} "MR. LASKY: Yes, Your Honor. If it please the Court, the State of Ohio would show that the Defendant now before the Court, Brenda Gail Johnson, did, on or about November 3rd, 2003, in Montgomery County, Ohio, knowingly obtain, possess, or use a controlled substance, to-wit, crack cocaine or a compound mixture, preparation, or substance containing crack cocaine in an amount less than one gram, in crack form, in violation of Section 2925.11(A) of the Ohio Revised Code.
 {¶ 27} "JUDGE HALL: Understand the nature of that charge?
 {¶ 28} "THE DEFENDANT: Yes, Your Honor.
 {¶ 29} "JUDGE HALL: Possession of crack cocaine less than one gram is a Felony of the Fifth Degree. It carries a potential penalty anywhere from six up to twelve months in prison, or any number of months in between and also a potential fine of up to twenty-five hundred dollars.
 {¶ 30} "Do you understand that?
 {¶ 31} "THE DEFENDANT: Yes, Your Honor.
 {¶ 32} "JUDGE HALL: There's also a mandatory driver's license suspension anywhere from six months up to five years.
 {¶ 33} "Do you understand that?
 {¶ 34} "THE DEFENDANT: Yes, Your Honor.
 {¶ 35} "JUDGE HALL: You are eligible for Community Control and the State is going to recommend a Community Control with participation in, as I understand it, the Women's Recovery Program.
 {¶ 36} "Do you understand that?
 {¶ 37} "THE DEFENDANT: Yes.
 {¶ 38} "JUDGE HALL: However, whether or not you get Community control is actually up to the Court. I'm gonna have a Pre-Sentence Report and find out what their recommendation is before I make a final decision on that.
 {¶ 39} "Do you understand that?
 {¶ 40} "THE DEFENDANT: Yes, Your Honor.
 {¶ 41} "JUDGE HALL: If you get Community Control, Community Control can last for five years and can include up to six months incarceration in a local facility.
 {¶ 42} "Do you understand that?
 {¶ 43} "THE DEFENDANT: Yes, Your Honor.
 {¶ 44} "JUDGE HALL: You understand that a Plea of Guilty is a complete admission of guilt?
 {¶ 45} "THE DEFENDANT: Yes, Your Honor.
 {¶ 46} "JUDGE HALL: Upon a Plea of Guilty, the Court will find you Guilty and then set your case for sentencing after a Pre-Sentence Report.
 {¶ 47} "Do you understand that?
 {¶ 48} "THE DEFENDANT: Yes, Your Honor."
 {¶ 49} The court then addressed with Johnson the rights she would waive by pleading guilty. Johnson has no complaint with this colloquy.
 {¶ 50} Confining ourselves to this exchange, nothing suggests that Johnson's plea was less than intelligently, voluntarily, and knowingly entered.
 {¶ 51} The trial court told Johnson she was eligible for community control, that she could be sentenced to up to one year, and that no decision as to disposition would be made until the court reviewed a pre-sentence investigation report. Johnson said she understood.
 {¶ 52} Prior to sentencing six weeks later, the following exchange occurred at sidebar.
 {¶ 53} "MR. STATON (Defense Counsel): I talked to her lawyer down in Warren County. She got nine months of which she's got four months' credit already, so she has five months left.
 {¶ 54} "JUDGE HALL: Well, I was gonna give her ten, and I'll run it concurrent with theirs.
 {¶ 55} "MR. STATON: Does she have any credit here because she was already . . .
 {¶ 56} "JUDGE HALL: Only three days.
 {¶ 57} "MR. STATON: Yeah.
 {¶ 58} "MR. LASKY: Can you give her nine, Judge? She's . . .
 {¶ 59} "JUDGE HALL: I'll give her nine.
 {¶ 60} "MR. LASKY: . . . testified for us.
 {¶ 61} "MR. STATON: That's . . .
 {¶ 62} "JUDGE HALL: I'll give her nine and we'll run . . .
 {¶ 63} "MR. LASKY: You tell her . . .
 {¶ 64} "JUDGE HALL: . . . it concurrent.
 {¶ 65} "MR. STATON: Well, she said if she had six she would testify . . .
 {¶ 66} "MR. LASKY: Well . . .
 {¶ 67} "MR. STATON: . . . but she agreed to do the tes — but she agreed to testimony before . . .
 {¶ 68} "MR. LASKY: Okay.
 {¶ 69} "MR. STATON: . . . when we were gonna have her do Women's Recovery . . .
 {¶ 70} "MR. LASKY: Well, I'll call her . . .
 {¶ 71} "MR. STATON: . . . but she can't do it anymore.
 {¶ 72} "MR. LASKY: . . . if she commits perjury, that's — that's another issue. That's her problem.
 {¶ 73} "MR. STATON: Hopefully, it won't come to that.
 {¶ 74} "JUDGE HALL: So — all right."
 {¶ 75} Johnson claims that the record discloses a willingness to testify against a co-defendant in return for a six month sentence, and that her willingness to testify was tied to her participation in a drug treatment program, and that the prosecutor expressed an intention to call her as a witness, even though she was going to be sentenced to nine months instead of six. Johnson herself said after being sentenced:
 {¶ 76} "Well, can I — can I have an Appeal, sir, because this was not part of my plea bargain, sir."
 {¶ 77} We are not persuaded that any or all of the foregoing militates against a determination that Johnson's plea of guilty was not intelligently, voluntarily, or knowingly made.
 {¶ 78} There was also a sidebar conference prior to the plea proceeding wherein the prosecutor stated Johnson was willing to testify against the co-defendant, but neither the prosecutor nor defense counsel mentioned a particular sentence — or any sentence consideration — in return for Johnson's testimony. Thus, while Johnson may have offered to take a six month sentence in return for her testimony, this was not part of the bargain explained to the trial court by counsel, or to Johnson by the trial court. The trial court made it clear to Johnson that it was not bound by the prosecutor's recommendation of community control and that she faced up to twelve months incarceration, with disposition to be determined after completion of a pre-sentence investigation. We find it particularly telling that — although he argued for a six month sentence — defense counsel never indicated, after sentence was imposed, that the sentence was contrary to his, or Johnson's, understanding when she pleaded guilty.
 {¶ 79} The first assignment is overruled.
 {¶ 80} "2. Appellant was denied her constitutional right to effective assistance of counsel."
 {¶ 81} Johnson argues under this assignment that her counsel was ineffective in failing "to sufficiently clarify the terms of the plea deal on the record."
 {¶ 82} We find no basis for the assertion that the terms of the plea were not clear on the record. Those terms were that in exchange for Johnson's guilty plea, the State would support Johnson's desire for continued drug treatment in Warren County. Nothing of record persuades us that this was not the complete deal arrived at by counsel, and agreed to by Johnson. The fact that Johnson may have expressed a willingness to testify in return for a six month sentence did not make a six month sentence a term of the plea bargain. Community control with drug treatment was certainly not a term of the agreement as the trial court expressly stated it was not bound by the State's recommendation and Johnson so acknowledged it was not bound. Johnson's statement after being sentenced does not explain how she thought the plea bargain was breached and, to repeat, we find it compelling that defense counsel did not say the sentence imposed breached the plea bargain.
 {¶ 83} Concluding there was no ambiguity or failure to articulate the terms of the plea bargain, we overrule the second assignment.
 {¶ 84} "3. The court abused its discretion in imposing appellant's sentence without reference to applicable statutory guidelines."
 {¶ 85} In sentencing Johnson, the trial court stated:
 {¶ 86} "And, Miss Johnson, your record looks like there's a dozen felonies here. It looks like you have about twenty-five misdemeanors. The Court believes that the only appropriate sentence is to send you to prison.
 {¶ 87} "The Court is going to sentence you, on this charge, to nine months at the Ohio Reformatory For Women. I will not issue any fine. That time will be served concurrently with the time that you are serving out of Warren County."
 {¶ 88} Johnson claims the trial court did not adequately explain why it imposed a nine month sentence.
 {¶ 89} The applicable sentence for a fifth degree felony is six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). Pursuant to R.C. 2929.14(B)(1), the court was required to sentence Johnson to the shortest prison term "unless . . . (Johnson) was serving a prison term at the time of the offense, or (Johnson) had previously served a prison term." Unlike R.C. 2929.14(B)(2), there is no requirement that a finding to this effect be stated on the record. The pre-sentence investigation report reveals that Johnson has previously served several prison terms.
 {¶ 90} R.C. 2929.19(B)(2)(a) requires a court imposing a sentence on a fifth degree felony to make a finding that gives its reasons for imposing the prison term based upon the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11. R.C. 2929.11 discusses the purposes of sentencing.
 {¶ 91} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from the future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 92} At the time of sentencing, Johnson, who was almost thirty-three, had twelve felony convictions, in addition to this case, and over thirty misdemeanor convictions, all incurred since 1990. The offense in question was committed while she was under some sort of court authorized release.
 {¶ 93} In our judgment, the trial court sufficiently — if implicitly — articulated that the two purposes of felony sentencing were operable in this case and that a prison sentence was, therefore, appropriate.
 {¶ 94} The third assignment is overruled.
 {¶ 95} The judgment will be affirmed.
Brogan, P.J. concurs.